## Cora Cope, Appellant, v. Charles Oliver et al., Appellees.

VERDICTS—*when not disturbed.* A verdict will not be set aside on review if substantial justice appears to have been done.

Replevin. Appeal from the Circuit Court of McLean county;

the Hon. C. D. MYERS, Judge, presiding. Heard in this court at the May term, 1910. Affirmed. Opinion filed October 18, 1910.

L. J. OWEN and WELTY, STERLING & WHITMORE, for appellant.

EARL D. RIDDLE and DE MANGE, GILLESPIE & DE MANGE, for appellees.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This was a suit in replevin by the plaintiff, Cora Cope, against the defendants, Charles Oliver and Cornelia Oliver, for the recovery of the possession of a piano and a number of various household utensils of trifling value. The jury returned a verdict in the following words: "We, the jury find the issues for the defendant." The court overruled a motion by the plaintiff for a new trial, and entered judgment on the verdict in favor of the defendants and that they have return of the piano specified in the affidavit for replevin. At the trial before the justice of the peace from whence the cause came by appeal, the defendant, Charles Oliver, disclaimed any interest in the property replevied except the piano, and the only issue tried in the Circuit Court was as to the right of ownership and possession of the piano.

The evidence shows that Mrs. Cope, the plaintiff, was the mother-in-law of defendant, Charles Oliver, and that her daughter, Nellie Cope Oliver, the wife of defendant Charles Oliver, died intestate, without issue, prior to the commencement of this suit, leaving him surviving. Defendant Oliver claimed that the piano was presented to his wife Nellie by appellant, her mother; that the same was a part of the estate of his wife, and that upon her death he, as surviving husband, became the owner thereof under the statute; while the plaintiff insisted that the piano was purchased by her before the marriage of Nellie, for the

use of said daughter and herself and that while the
daughter had possession of and used the same, she,
the plaintiff, had never parted with the title thereto.
It further appears from the evidence that for several
years prior to the death of Nellie, the plaintiff went
to Missouri to reside, while her husband continued
his residence at their former home in Leroy; that after
her marriage Nellie and her husband established a
home in another part of the city, and from time to
time took from the old home various articles of fur-
niture; that at the time of her death Nellie had at
her home, in her possession, the piano in controversy.
The evidence as to ownership was conflicting. A num-
ber of witnesses called by the defendant testified as
to declarations of the plaintiff and her husband which
tended to show that the piano was presented by them
to Nellie when she graduated at the high school in
Leroy. The plaintiff and her husband both denied
such declarations, or that the plaintiff ever parted
with the title to the piano. Under this state of the
proof we are unable to say that the finding of the
jury that the defendant Charles Oliver was the owner
and entitled to the possession of the piano at the time
of the commencement of this suit, was so palpably
against the weight of the evidence as to require a re-
versal of the judgment.

We find no substantial error in the rulings of the
court upon the evidence or instructions.

It is contended that the verdict of the jury was in-
formal and insufficient in that it contained a general
finding for the defendants without designating in fa-
vor of which of them the issues were so found, and
relates to all the property involved in the suit, some
of which was admitted on the trial to belong to the
plaintiff; and further that the trial court erred in
awarding the return of the piano to both defendants
and in awarding costs against the plaintiff. The errors
urged are largely technical, and do not affect the real
merits of the case.

We are convinced that substantial justice was done by the judgment of the court, and the same will be affirmed.

*Affirmed.*